602 F.2d 1173
 1979-2 Trade Cases 62,789, 27 UCC Rep.Serv. 60
 UNIVERSAL LITE DISTRIBUTORS, INC., Appellant,
v.
NORTHWEST INDUSTRIES, INC. and Universal Manufacturing
Corporation, Appellees.
UNIVERSAL LITE DISTRIBUTORS, INC., Appellee,
v.
NORTHWEST INDUSTRIES, INC., Defendant, and Universal
Manufacturing Corporation, Appellant.
 Nos. 79-1062, 79-1063.
 United States Court of Appeals,
Fourth Circuit.
 Argued April 4, 1979.
Decided July 30, 1979.
 
 H. Robert Halper, Washington, D. C. (Terence P. Boyle, Hope S. Foster, Washington, D. C., Andrew Jay Graham, Baltimore, Md., O'Connor & Hannan, Washington, D. C., Kramon & Graham, Baltimore, Md., on brief), for appellant.
 J. Alan Galbraith, Washington, D. C. (William E. McDaniels, Kendra E. Heymann, Williams & Connolly, Washington, D. C., on brief), for appellees.
 Before HAYNSWORTH, Chief Judge, WINTER and HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 In 1975, Universal Lite Distributors (ULD), a distributor of fluorescent lamp ballasts, filed a four-count antitrust and contract complaint against Northwest Industries and its subsidiary, Universal Manufacturing Corporation (UMC), which manufactures ballasts and has been ULD's sole ballast supplier since 1947. UMC responded with a five-count counterclaim, seeking money owed by ULD on goods delivered and a declaratory judgment terminating ULD's distributorship. The district court granted summary judgment in favor of UMC on ULD's antitrust claims, Universal Lite Distributors v. Northwest Industries, 452 F.Supp. 1206 (D.Md.1978), and on UMC's counterclaim for a declaratory judgment terminating the distributorship on reasonable notice. The court also relieved UMC of a stipulation under which UMC agreed to supply ULD with ballasts until the conclusion of the litigation.[1] A jury trial on the contract claims and counterclaims followed, and verdicts of $383,540 against UMC and $39,425 against ULD were returned. UMC's motion for judgment notwithstanding the verdict was denied, and both parties appealed.
 
 
 2
 We affirm the decision of the district court in all but one respect: because there was insufficient proof that ULD had lost sales as a result of UMC's breach of its exclusive distributorship, the jury's verdict in favor of ULD should have been reduced by the amount of the lost profits claimed, or $122,113.
 
 I.
 
 3
 The facts pertinent to this appeal are developed at length in the district court's opinion, 452 F.Supp. at 1209, 1211-14, and need not be recited in detail here. Basically, under a 1947 oral agreement, Mobern Electrical Supply Company became the exclusive distributor of UMC ballasts in Maryland, the District of Columbia, Virginia, North Carolina, and South Carolina. In 1957, an affiliate of Mobern, ULD, assumed Mobern's rights and obligations under the oral contract, and Mobern in turn undertook the business of assembling and selling fluorescent light fixtures, one of whose components were ballasts purchased from ULD. In the late 1960's, after the death of Archie Sergy, then president of UMC and the person who had negotiated the 1947 oral agreement with Mobern, the business relationship between ULD and UMC began to deteriorate. Attempts at conciliation proved unsuccessful, and the conflict quickly escalated. Ultimately this suit resulted.
 
 II.
 
 4
 In Count I of the complaint, ULD alleges that UMC conspired to restrain trade and to monopolize the ballast industry in violation of §§ 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2. While mindful that "summary procedures should be used sparingly in complex antitrust litigation," Poller v. Columbia Broadcasting System, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962), we affirm the summary disposition of ULD's antitrust claims for the reasons sufficiently stated in the district court's opinion. 452 F.Supp. at 1215-24. See First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288-90, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968).
 
 III.
 
 5
 In Count V of its counterclaim, UMC seeks a declaratory judgment which would allow it to terminate its oral agreement with ULD upon reasonable notice. Like the district court, we find no merit in ULD's contention that the termination of the distributorship would violate the antitrust laws. We also agree, and the parties do not dispute, that under the applicable state law a contract of indefinite duration may be terminated by either party upon reasonable notice. Md. Commercial Code Ann. §§ 2-309(2) and (3). In a supplemental memorandum in opposition to UMC's motion for summary judgment, ULD alleged for the first time that the parties intended their agreement to last as long as UMC and ULD remained in the ballast business. We concur in the district court's determination that the oral agreement was nevertheless so " indefinite in duration" as to be terminable on reasonable notice. Since there is no question that such notice has been given, the order permitting UMC to terminate its relationship with ULD is affirmed.[2]
 
 IV.
 
 6
 At trial, ULD argued that UMC had breached the 1947 oral agreement by failing to sell its ballasts to ULD at its "lowest price" and by making sales to jobber-distributors within the area of ULD's exclusive distributorship. For these breaches, ULD claimed damages of $261,426 and $122,113, respectively. In returning a verdict of $383,540 in favor of ULD, the jury necessarily found that ULD was entitled to the full amount of the damages claimed.
 
 
 7
 We conclude that the district court properly denied UMC's motion for judgment notwithstanding the verdict on ULD's claim for breach of the " lowest price" term. Viewing the facts in the light most favorable to ULD, a reasonable jury could find that the "lowest price" term was not modified by subsequent agreement and that the breach of the term was not waived by ULD's failure to give reasonable notice. A provision to sell at the "lowest price" is not too vague to be enforceable. See Md. Commercial Law Code Ann. §§ 2-204(3), 2-305(1). Whatever objections UMC had to the exhibit submitted by ULD as proof of its damages went to its weight, not to its admissibility, and damages were otherwise proven with reasonable certainty. Finally, no part of the award was barred by the statute of limitations. Md. Commercial Law Code Ann. § 2-725.
 
 
 8
 ULD's claim for breach of its exclusive distributorship stands in a different posture. Damages for lost profits must be proven with reasonable certainty. See Macke Co. v. Pizza of Gaithersburg, Inc., 259 Md. 479, 270 A.2d 645, 650 (Md.1970). There can be no lost profits without lost sales. ULD directs us to only two items of evidence in the record which tend to prove lost sales: the bare testimony of its secretary, Paul Bernstein, that ULD could have made the sales which UMC diverted, and an exhibit showing that one of the companies to which UMC sold ballasts had previously been a customer of ULD. Not a single jobber-distributor was called to testify that it would have purchased ballasts from ULD had it not bought them from UMC. Indeed, the evidence was uncontradicted that some of the companies with which UMC did business were dissatisfied with ULD and others either had been turned down or had not been solicited at all by ULD. Because the evidence of lost sales was clearly insufficient, we think that UMC's motion for judgment notwithstanding the verdict on the claim for lost profits should have been granted. The jury's verdict in favor of ULD should therefore be reduced by $122,113.
 
 V.
 
 9
 The remaining contentions of the parties merit little discussion. We find no abuse of the trial court's discretion in limiting the scope and time of discovery. There is no need to decide UMC's motion to strike certain exhibits, since our decision on the merits would be unaltered however the motion is decided. Finally, barring appellate review, the issuance of our mandate will mark the end of this litigation. Our stay of the district court's order relieving UMC of its undertaking to supply ULD with ballasts until the suit's conclusion will be therefore vacated as of the date that the mandate issues.
 
 
 10
 AFFIRMED IN PART; REVERSED IN PART.
 
 
 
 [1]
 A judge of this court, however, stayed this order of the district court pending decision of this appeal
 
 
 [2]
 We note, in the alternative, that in so far as the oral agreement remains to be executed, it is unenforceable under the statute of frauds. Md. Commercial Law Code Ann. § 2-201. Although the statute of frauds was not mentioned in connection with UMC's counterclaim, it was raised as an affirmative defense to ULD's complaint. We think that this was sufficient to preserve the issue